**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DAMIAN A. PATRICK,

    Plaintiff,

v.                                           Case No.:

FIRST ADVANTAGE
BACKGROUND SERVICES CORP.,
a foreign profit corporation,
WINN-DIXIE STORES, INC.,
a foreign profit corporation,
MACY'S, INC.,
a foreign profit corporation, and
SPARTAN STAFFING, LLC,
a foreign profit corporation,

    Defendants.

_____/

**COMPLAINT**

**PRELIMINARY STATEMENT**

1.     This is an action for damages brought by an individual consumer, Damian Alexander Patrick, against the Defendants for violations of the Fair Credit Reporting Act ("hereafter the FCRA"), 15 U.S.C. §§ 1681, *et seq.* as amended.

**JURISDICTION & VENUE**

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.     Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**THE PARTIES**

4.     Plaintiff Damian Alexander Patrick is an adult individual residing in Tarpon Spring, Florida.

5.      Defendant First Advantage Background Services Corp ("First Advantage") is a consumer reporting agency that regularly conducts business in the Middle District of Florida and which has a principal place of business located at 1 Concourse Pkwy, Ste. 200, Atlanta, GA 30328.

6.      Defendant Winn-Dixie Stores, Inc. ("Winn-Dixie") is a business entity that regularly conducts business in the Middle District of Florida and which has a principal place of business located at 5050 Edgewood Court, Jacksonville, FL 32254.

7.      Defendant Macy's, Inc. ("Macy's") is a business entity that regularly conducts business in the Middle District of Florida and which has a principal place of business located at 7 West Seventh Street, Cincinnati, OH 45202.

8.      Defendant Spartan Staffing, LLC ("Spartan") is a business entity that regularly conducts business in the Middle District of Florida and which has a principal place of business located at 7001 Pelham Road, Suite K, Greensville, SC 29615.

## FACTUAL ALLEGATIONS

9.      Defendant First Advantage has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history to third parties (the "inaccurate information") from at least August 2014.

10.     The inaccurate information includes, but is not limited to, to a felony trespass charge that was in fact only a misdemeanor.

11.     First Advantage has been reporting the inaccurate information through the issuance of false and inaccurate consumer reports that it has disseminated and resold to various persons, both known and unknown, including but not limited to Defendants Winn-Dixie, Macy's and Spartan.

12. Specifically, Plaintiff applied for and was denied employment with Winn-Dixie in or around August 2014, Plaintiff applied for and was denied employment with Macy's in or around September 2015 and Plaintiff applied for and was denied employment with Spartan September 2015.

13. The basis for these denials was the inaccurate information that appears on Plaintiff's consumer reports, which was a substantial factor for the denial.

14. Plaintiff further received no contemporaneous notice from Defendant First Advantage in connection with these applications that public record information was being reported about Plaintiff at the time it sold a consumer report about Plaintiff for employment purposes in compliance with 15 U.S.C § 1681k.

15. Under the FCRA, a "user" of a consumer report who intends to take an "adverse action" on a job application "based in whole or in part" on information obtained from the consumer report must provide a copy of the report to the job applicant, along with a notice of the applicant's dispute rights under the FCRA, *before* taking the adverse action, 15 U.S.C. § 1681b(b)(3)(A).

16. Here, Winn-Dixie, Macy's and Spartan used First Advantage consumer reports in their determination about Plaintiff's eligibility for employment, but never provided the required notice that adverse action may be taken based in whole or in part on the information contained in the First Advantage consumer reports or provide Plaintiff was a copy of the report.

17. The reasons for the "pre-adverse action" requirement with regard to employment situations are to alert the job applicant that he or she is about to be rejected based on the content of a report, and provide him or her an opportunity to challenge the accuracy or relevancy of the information with the consumer reporting agency or the user before that job prospect is lost.

18. Winn-Dixie, Macy's and Spartan never provided such a notice to Plaintiff, depriving him of the right to dispute, and have corrected, inaccurate or misleading information reported about him.

19. Immediately after the sale of the First Advantage consumer reports to Winn-Dixie, Macy's and Spartan, Plaintiff's employment applications were rejected and Plaintiff was informed by Winn-Dixie, Macy's and Spartan that the basis for this denial was the felony trespass criminal record reported about Plaintiff on Plaintiff's First Advantage consumer reports and that the inaccurate information was a substantial factor for the denial.

20. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, emotional distress, humiliation and embarrassment.

21. At all times pertinent hereto, Defendants were acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

22. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I – FIRST ADVANTAGE
## VIOLATION OF THE FCRA

23. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

25. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

26. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

27. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. § 1681e(b).

28. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for:

(a) willfully and negligently failing to provide notice to Plaintiff that public record information was being reported for employment purposes in violation of 15 U.S.C § 1681(k); and/or

(b) willfully and negligently failing to employ strict procedures to ensure that public record information is complete and up to date, in violation of 15 U.S.C § 1681(k).

29. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II – WINN-DIXIE, MACY'S AND SPARTAN VIOLATION OF THE FCRA

30. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

31. At all times pertinent hereto, each Defendant was a "person" and a "user of consumer reports for employment purposes" as those terms are defined by 15 U.S.C. § 1681a(b) and § 1681b(b)(3)(A).

32. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

33. At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

34. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendants are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a user of consumer reports for employment purposes pursuant to 15 U.S.C. § 1681b(b)(3).

35. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

33. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Treble damages;

(d) Punitive damages;

(e) Costs and reasonable attorney's fees; and

(f) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

**LEAVENLAW**

/s/ *Aaron M. Swift*
**Aaron M. Swift, Esq., FBN 093088**
**Gregory H. Lercher, Esq. FBN 106991**
**Sara J. Weiss, Esq. FBN 115637**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
glercher@leavenlaw.com
sweiss@leavenlaw.com
*Attorneys for Plaintiff*